# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07- cv -00324-JLK-MJW

PAULA D. BRAGG, an individual

Plaintiff,

v.

OFFICE OF THE DISTRICT ATTORNEY, THIRTEENTH JUDICIAL DISTRICT

Defendant.

## STIPULATION AND PROTECTIVE ORDER

COMES NOW the Parties by and through their respective counsel, Steven L. Murray, on behalf of the Plaintiff, and Josh A. Marks, on behalf of the Defendant, as well as Timothy P. Schimberg, counsel for non-party/witness/deponent, Stephen A. Jones, hereby stipulate and agree to the following Protective Order:

1.      In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury or damage to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. **Confidentiality.**

    a.    Prior deposition exhibits in this case are not confidential documents.

    b.    The issues of the confidentiality of documents, which are used for the first time in this case as part of Mr. Jones' deposition, will be decided pursuant to the terms of the Stipulated Deposition/Discovery Plan, which provides as follows:

        i.    Any objections as to privacy/confidentiality asserted by Mr. Jones will be resolved *in camera* by the Court after the Parties and Mr. Jones have the opportunity to address the asserted objection. The Parties and counsel for Mr. Jones agree to have the Court rule upon all objections at the conclusion of the Jones' deposition so that the deposition is not suspended or resumed for such purpose until its conclusion.

3. **Dissemination of Jones' Deposition Testimony and Confidential Documents:** The Parties and counsel for Mr. Jones agree that Mr. Jones' deposition testimony is subject to this Protective Order that precludes dissemination of its contents to third-parties, with the exception of the Parties themselves, counsel for the Parties, Mr. Jones, persons working for said counsel and Defendant's insurers. This Protective Order will not extend to preclude the Parties from discussing Mr. Jones' testimony at trial.

4. All Designated Confidential Information and transcribed testimony shall be subject to the following restrictions:

        a. Confidential Information and Mr. Jones' transcribed testimony shall be used only for the purpose of this litigation not for any business or other purpose whatsoever. By their signatures below, counsel acknowledge their respective responsibilities regarding the same.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed other than the Parties, counsel for Mr. Jones and counsel for Plaintiff and Defendant, persons working for respective counsel and Defendant's insurers, and shall maintain a list of all persons to whom Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon Court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial

need, then counsel may seek a Court order requiring inspection under terms and conditions deemed appropriate by the Court.

8.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9.     During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10.     In the event Confidential Information is used in any Court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by Court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey,* 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir. 1980)).

11.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

12.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

13.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order. As to the deposition transcript of witness/deponent Stephen A. Jones, the attorneys agree that all originals and copies of this transcript will be destroyed or kept with the attorneys' files. If destroyed, Parties shall represent in print that the transcript has been destroyed. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information other than the Parties, counsel for Parties, Mr. Jones, and persons working for respective counsel, which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed. As to the deposition transcript of witness/deponent Stephen A. Jones, the attorneys agree to return their transcripts to Timothy P. Schimberg, attorney for Stephen A. Jones, or represent in print that their transcript has been destroyed.

14.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Respectfully submitted this 25 day of April, 2008.

BY THE COURT:

JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT

**STIPULATED AND AGREED UPON:**

s/ Steven L. Murray
Steven L. Murray
Attorney at Law
1600 Broadway, Ste. 2400
Denver, CO 80202
(303) 542-1960
**ATTORNEY FOR PLAINTIFF**

s/ Josh A. Marks
Josh A. Marks
Berg, Hill, Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600
**ATTORNEY FOR DEFENDANT**

s/ Timothy P. Schimberg
Timothy P. Schimberg
Fowler, Schimberg & Flanagan, P.C.
1640 Grant Street, Ste. 300
Denver, CO 80203
(303) 298-8603
**ATTORNEY FOR NON-PARTY/WITNESS/
DEPONENT STEPHEN A. JONES**

6