**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 07-cv-00324-CMA-MJW

PAULA D. BRAGG, an Individual,

    Plaintiff,

v.

OFFICE OF THE DISTRICT ATTORNEY, THIRTEENTH JUDICIAL DISTRICT,

    Defendant.

## ORDER REGARDING MOTION TO COMPEL

This matter is before the Court on Plaintiff's Motion to Compel Enforcement of Two Subpoenas on Stephen Jones (Doc. # 123). The Motion is DENIED.

### BACKGROUND

This matter is set for a jury trial beginning August 10, 2009. A crucial fact witness in the trial will be Stephen Jones, a non-party, former employee of Defendant. To better accommodate Mr. Jones' schedule, the parties and Mr. Jones attempted to work out his voluntary attendance at trial and determine the exact date(s) of Mr. Jones' testimony.[1] In June 2009, the parties (but not Mr. Jones) apparently agreed that they would call Mr. Jones to testify on August 12 and 13, 2009.

---

[1] On this point, the Court would like to commend the parties and Mr. Jones for attempting to work out their schedules without resorting to the Court's intervention.

To secure Mr. Jones' attendance at trial, Plaintiff sought to serve Mr. Jones with a subpoena.  Plaintiff first provided Mr. Jones' counsel with a copy of the subpoena and witness and mileage fees on June 29, 2009.  Mr. Jones' counsel told Plaintiff's counsel that service of the subpoena on counsel, instead of service on Mr. Jones, was improper under the Federal Rules of Civil Procedure.  Mr. Jones' counsel also indicated that Mr. Jones would not be available to testify on August 13 due to work conflicts.  Plaintiff's counsel disagreed that service on counsel was improper, but nonetheless, attempted to serve Mr. Jones again on July 15, 2009.  This time, Plaintiff's counsel attempted to serve Mr. Jones by leaving a copy of the subpoena in a "conspicuous location" in Mr. Jones' office.

Mr. Jones has not contacted Plaintiff since "service" of the second subpoena.  Thus, Plaintiff is still under the impression that Mr. Jones will not appear to testify on August 13.  Plaintiff filed this Motion seeking to enforce the subpoenas she attempted to serve on Mr. Jones.  Neither Defendant nor Mr. Jones has responded to Plaintiff's Motion.

## DISCUSSION

Plaintiff contends that she properly served both subpoenas on Mr. Jones' under Federal Rule 5(b)(2)(F) and 5(b)(2)(B)(i).  However, in so arguing, Plaintiff ignores the fact that Federal Rule 45(b), rather than Federal Rule 5(b), governs service of a subpoena on a non-party witness.  Indeed, a quick glance at the titles of Rule 5, "Serving and Filing Pleadings and Other Papers," and Rule 45, "Subpoena," should

have indicated to Plaintiff's counsel that Rule 5 was largely inapposite in this situation. Moreover, Mr. Jones is not a party to this case, so the text of Federal Rule 5(b) should have further disclosed to Plaintiff's counsel that Federal Rule 5 does not apply to service of process of a subpoena on Mr. Jones. *See* Fed. R. Civ. P. 5(b)(1) ("If a **party** is represented by an attorney . . . .") (emphasis added).

In contrast to the methods Plaintiff has purported to follow under Federal Rule 5(b), Federal Rule 45(b) is rather explicit in its terms. It requires service to be accomplished by "delivering a copy [of the subpoena] to the named person . . . ." Fed. R. Civ. P. 45(b)(1).

At this point, the Court need not address the issue of whether service to Mr. Jones' counsel or his office was proper under Federal Rule 45, because no motion to quash is before the Court. However, it appears from the evidence submitted with Plaintiff's Motion that Plaintiff has not delivered a copy of the subpoena to Mr. Jones. Fortunately for Plaintiff, trial is still more than three weeks away, which gives Plaintiff ample time to properly serve Mr. Jones pursuant to Federal Rule 45(b) by "delivering a copy" of the subpoena to Mr. Jones. Assuming he is properly served, Mr. Jones will be required to comply with the terms of the subpoena, even if they do not comport with his personal preference and/or schedule.

Accordingly, Plaintiff's Motion to Compel (Doc. # 123) is DENIED.

IT IS FURTHER ORDERED that all witnesses, including Mr. Jones if applicable, who have been properly served with a subpoena will be required to comply with the

terms of the subpoena by, among other things, appearing at the specified place and time and completing their testimony regardless of other conflicts that may arise.

DATED:  July   17  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge